# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY RAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 09-077-FHS-SPS |
| ) | |
| BETTY HARRIS, ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER

This action is before the court on Defendant Betty Harris's motion for summary judgment and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's complaint, the defendant's motion, plaintiff's response, and the defendant's reply. Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections, brings this action under the authority of 42 U.S.C. § 1983, seeking compensatory damages and injunctive relief for alleged constitutional violations during his incarceration at the LeFlore County Detention Center in Poteau, Oklahoma. The remaining defendant is Betty Harris, Administrator of the Detention Center.[1]

Plaintiff alleges the law library at the LeFlore County Detention Center is outdated, incomplete, and severely lacking in reference materials, and Defendant Harris advised him to have his attorney or family do research for him. He also complains there is no way to obtain legal copies in the facility. Because of this alleged lack of meaningful access to the

---

[1] Defendant LeFlore County Sheriff Bruce Cornight (Cornutt) was dismissed with prejudice by stipulation of the parties on May 19, 2010 (Docket #52).

courts, his requests for a competency hearing by jury were denied on December 15, 2008, and January 13, 2009. Plaintiff also complains that his appointed counsel has failed to provide effective assistance, and he has not had a preliminary hearing.

Defendant Betty Harris states by affidavit that plaintiff was booked into the detention center on July 26, 2008. The record shows the LeFlore County District Court appointed counsel for plaintiff on September 10, 2008. On September 18, 2009, the court entered an order permitting substitution of counsel, and a second attorney was appointed on September 24, 2009.

According to Ms. Harris's affidavit, during the time referenced in plaintiff's complaint, the detention center maintained a law library containing legal materials, and the library was available to inmates. There also is a law library in the LeFlore County Courthouse, but inmates were not allowed physical access. An inmate, however, could request copies of specific legal forms, and the detention center staff would attempt to obtain the documents through the court clerk or online. Inmates also could receive legal books and documents from outside sources.

It is undisputed that access to the courts and the means to effectuate such access are fundamental constitutional rights. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). A pretrial detainee, however, is not entitled to access to a law library, if other available means to access the court exist. *United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999), *cert. denied*, 528 U.S. 904 (1999) (citing *Love v. Summit County*, 776 F.2d 908, 912-13 (10th Cir. 1985), *cert. denied*, 479 U.S. 814 (1986)). "It is well established that providing legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library." *Taylor*, 183 F.3d at 1204 (citations omitted).

The record shows plaintiff was appointed an attorney for his criminal matters while he was incarcerated in the LeFlore County Detention Center, and he had counsel during the time he was requesting a competency hearing. The court, therefore, finds plaintiff has failed to demonstrate he was denied his constitutional right of access to the courts. Regarding the alleged denial of copies, plaintiff has failed to establish any actual injury that resulted, so this claim also fails. *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996).

With respect to plaintiff's due process claims that he was denied a competency hearing and had been held in custody since August 25, 2008, without a preliminary hearing, the court finds he conceded in his deposition that the defendant was not involved in the denials of his requests for a competency hearing or his lack of a preliminary hearing. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). Because Defendant Harris did not personally participate in these proceedings, the claims must fail. The court further finds plaintiff has failed to show the defendant personally participated in the alleged ineffective assistance of plaintiff's appointed counsel, so this claim also is meritless.

Finally, the court finds plaintiff is not entitled to an injunction forcing the defendant to maintain proper legal materials and to provide staff who are capable of insuring meaningful access to the courts. Although plaintiff has failed to notify the court of his current address, as required by Local Civil Rule 5.5(a), the Oklahoma Department of Corrections website at http://www.doc.state.ok.us/, indicates plaintiff no longer is incarcerated in the LeFlore County Detention Center. *See Triplet v. Franklin*, 2010 WL 409333, at *6 n.8 (10th Cir. Feb. 5, 2010) (taking judicial notice of the ODOC website, pursuant to Fed. R. Evid. 201). Because plaintiff no longer is incarcerated in the detention

3

center, the court finds his requests for injunctive relief are moot.  *See Green v. Branson*, 108 F.3d 1296, 1299-1300 (10th Cir. 1997) (citing *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345 (10th Cir. 1994)).  *See also Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991); *White v. State*, 82 F.3d 364, 366 (10th Cir. 1996).

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation.  The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing.  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971).  "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice."  *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915.  Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact.  *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous.

IT IS SO ORDERED, this 21st day of September, 2011.

Frank H. Seay
United States District Judge